GAGE v. PENFIELD.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1918.)

No. 2477.

1. BANKRUPTCY ⬤⟶417(4)—REVOCATION OF DISCHARGE—NATURE OF ACT.

The discharge of a bankrupt is a judicial act, and revocation of a judgment of discharge is likewise a judicial act, authorized when the facts prescribed by statute as necessary to a revocation shall have been established by trial.

2. BANKRUPTCY ⬤⟶417(2)—DISCHARGE—REVOCATION—DILIGENCE.

Under Bankruptcy Act July 1, 1898, c. 541, § 15a, 30 Stat. 550 (Comp. St. 1916, § 9599), declaring that the judge may, upon application of the parties in interest, who have not been guilty of undue laches, filed at any time within one year after discharge, revoke the same, if upon a trial it shall be made to appear that it was obtained through fraud of the bankrupt, and that knowledge of the fraud has come to petitioners since the granting of the discharge, a discharge cannot be revoked nine months after it was granted, on account of the bankrupt's failure to schedule certain property, including household goods, where it did not appear that creditors were not at all times well aware of the material circumstances, or that they extended credit on account of the bankrupt's possession of such property; the petition for vacation of the discharge merely alleging general conclusions that the petitioner received information, about six months after the discharge was issued, which caused him to investigate.

3. BANKRUPTCY ⬤⟶417(4)—CONCEALMENT OF ASSETS.

Evidence on a petition to revoke a discharge, on the ground that the bankrupt fraudulently failed to list certain assets, held insufficient to show that the property claimed to have been omitted belonged to the

---

bankrupt; it appearing that it was purchased and owned by the bankrupt's wife.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Petition by Charles W. Penfield to vacate the discharge in bankruptcy of Harry W. Gage, who was adjudicated a bankrupt on his voluntary petition. From an order vacating the discharge, the bankrupt appeals. Reversed.

Morton J. Stevenson, of Chicago, Ill., for appellant.

F. A. Woodbury, of Chicago, Ill., for appellee.

Before BAKER, KOHLSAAT, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge. [1] The controversy involves an order of the District Court vacating its previous order of discharge of the bankrupt, Gage. His voluntary petition in bankruptcy was filed November 1, 1915, and on proper notice to the creditors the order of discharge was duly made April 24, 1916. On January 24, 1917, the petition to vacate was filed. It alleged that Gage had fraudulently failed to schedule as his property an automobile and some household effects. On the subject of the petitioner's diligence it was stated in the petition:

"Your petitioner further shows unto your honors that, the latter part of 1916, more than six months after the said discharge was issued, he got information that caused him to investigate and satisfactory investigation has taken some little time, but has not been unduly delayed, but to be of use action should be taken at once, to the end that the said order of discharge be set aside, as it is the only method of getting relief."

Discharge of a bankrupt is a judicial act, and revocation of a judgment of discharge is likewise a judicial act, authorized when a trial shall have established the facts prescribed as necessary, by the statute which is the source of the court's power to revoke the judgment of discharge.

[2] Section 15a of the Bankruptcy Act provides:

"The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge." Comp. St. 1916, § 9599.

The petition here was filed nine months after the discharge. Beyond the paragraph quoted from the petition, the transcript discloses nothing on the subject of petitioner's laches or diligence, or the want thereof. No evidence appears bearing upon that subject. But, if the paragraph itself might be considered as evidence of the facts in this respect which it purports to charge, it falls short of stating facts which would warrant the conclusion that the petitioner was diligent, or free from laches, in failing to present in due time his objections to the discharge, or in waiting nine months thereafter before filing his petition. The paragraph states merely general conclusions, and no facts bear-

ing on that issue. There was no concealment or change in possession of the car, nor does it appear that any creditor extended credit to the bankrupt on account of his apparent ownership of it. His possession and acts of ownership, if any, were the same after as before his petition in bankruptcy. The car was not listed in his assets, and it would seem the creditors would have been apprised of this when the schedule was filed; and this would be particularly true of household goods, of which he scheduled none. No facts appear, either by way of allegation or proof, wherefore the petitioning creditors and the others were not all along well aware of all the material circumstances.

[3] But, beyond this, the evidence, as shown by the transcript, does not warrant the conclusion that the property referred to belonged to the bankrupt, or that he fraudulently failed to list it as his own. The automobile, which is the item mainly in issue, was bought nearly nine months before the petition in bankruptcy was filed. The agent who sold it says he sold it to the bankrupt's wife, that she was present and assisted in bargaining for it, that she paid for it with her check, and that it was stated at the time of purchase that it was she who was buying it. The books of a prominent Chicago bank showed that she had an account there, and it was testified that long before this purchase she had received money from the estate of her father. There is absolutely no contradiction of this, and the wife's ownership is entirely consistent with the fact that the husband used the car in his business of soliciting customers for oil, that he scheduled it for taxes and in his own name paid the state license, and even with the fact that his initials were painted on the car.

The evidence fails to show "that the actual facts did not warrant the discharge," and the order vacating the order of discharge of the bankrupt is reversed.